UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED, JA SOLAR INTERNATIONAL LIMITED AND JA SOLAR USA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Ct. No. 26-00808 |

**COMPLAINT**

Plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc. (collectively "JA Solar"), by and through their counsel, allege as follows:

### I.    PROCEEDING UNDER REVIEW

1.    This action seeks judicial review of certain aspects of the final results of the eleventh antidumping ("AD") review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China conducted by the Department of Commerce ("Commerce").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023, 90 Fed. Reg. 60,060 (Dep't Commerce Dec. 23, 2025) ("Final Results"), and accompanying Issues and Dec. Mem. ("Final I&D Mem.").  The review in question covers entries of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells and modules"), from China during the period December 1, 2022, through November 30, 2023.

## II.     JURISDICTION AND STANDARD OF REVIEW

2.    JA Solar brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii).

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i)(I), (B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(iii).

4.    The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III.     STANDING

5.    JA Solar consists of a domestic importer and foreign producers and exporters of the subject merchandise. JA Solar participated in the administrative review by submitting written arguments in a case brief. See Final I&D Mem. at 2, 16. Indeed, Commerce specifically addressed JA Solar's arguments in the Final Results. See id. at 16. JA Solar is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

6.    Accordingly, JA Solar has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## IV.     TIMELINESS OF THIS ACTION

7.    JA Solar filed a summons to commence this action on January 22, 2026, within 30 days of the publication in the Federal Register of the Final Results. See Summons (January 22,

2026), ECF No. 1; <u>Final Results</u>, 90 Fed. Reg. 60,060.  This complaint is being filed within 30 days after the date on which the summons was filed.

8. Thus, JA Solar's summons and complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(i) and USCIT Rule 3(a)(2), 6(a).

## V.    STATEMENT OF FACTS

9. Commerce initiated the antidumping duty investigation of crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China on November 16, 2011, following the filing of the petition on October 19, 2011.  See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Antidumping Duty Investigation</u>, 76 Fed. Reg. 70,960 (Dep't of Commerce Nov. 16, 2011).  The International Trade Commission ("Commission") simultaneously conducted its investigation.  See <u>Crystalline Silicon Photovoltaic Cells and Modules From China; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations</u>, 76 Fed. Reg. 66,748 (Int'l Trade Comm'n Oct. 27, 2011).

10. On December 7, 2012, Commerce issued an amended final determination and antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China following an affirmative antidumping duty determination and an affirmative injury determination by the Commission.  See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order</u>, 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012).

11. On April 1, 2022, Commerce initiated anticircumvention inquiries to determine whether solar cells and modules, which are completed in Cambodia, Malaysia, Thailand, or

3

Vietnam using parts and components from China, are circumventing the AD and countervailing duty ("CVD") orders on solar cells and modules from China ("China Orders"). See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders</u>, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

12.  During Commerce's circumvention investigations, on June 9, 2022, President Biden issued a Presidential Proclamation declaring that a national emergency existed with respect to the availability of sufficient electricity generation capacity such that the President ordered a moratorium on the imposition of additional AD and CVD duties on imports of solar cells and modules from Cambodia, Malaysia, Thailand and Vietnam for a period of 24 months regardless of Commerce's final determinations in its circumvention inquiries. See <u>Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia</u>, 87 Fed. Reg. 35,067, 35,068 (Presidential Documents Jun. 9, 2022).

13.  On August 23, 2023, Commerce published its affirmative determinations with respect to certain solar cells and modules that have been completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components from China. See <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023).

14. As part of its affirmative circumvention finding, Commerce established regimes whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties. See id. at 57,422.

15. For instance, an importer and exporter could certify that the merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime). See id.

16. An importer and exporter can also certify that the merchandise does not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime). See id.

17. Exports from Vietnam and those three other countries subject to Commerce's affirmative circumvention determinations and associated with the third-country case number relevant to the eleventh review are subject to a "stop" order from Commerce to U.S. Customs and Border Protection ("CBP") halting any liquidation pending further instructions from Commerce. See CBP Message No. 3041408 (Feb. 10, 2023); CBP Message No. 3243401 (Aug. 31, 2023); No. 3076407 (Mar. 17, 2023).

18. Specifically, CBP Message Nos. 3041408 and 3243401 provide that:

> 12b. Importers and exporters must complete the applicable certification, and meet the documentation and other requirements detailed below, in order for the entry to not be subject to the suspension of liquidation and cash deposit requirements described above. If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries that are described in either paragraph 14, 15, 16, 17, or 18 below, CBP is instructed to suspend, pursuant to the preliminary country-wide affirmative determinations of circumvention and the AD and CVD orders on solar cells and solar modules from China, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits equal to the rates noted above.

Message 3041408 at ¶ 12b; Message 3243401 at ¶ 12b.

19. Further, in CBP Message No. 3076407, covering the prior AD administrative review, Commerce instructed CBP to <u>not</u> liquidate any entries with the application of AD/CVD in connection with the circumvention cases:

> Commerce is currently conducting circumvention inquiries on whether crystalline silicon photovoltaic cells, whether or not assembled into modules, that have been completed in, and exported from, Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are covered by the scope of the antidumping and countervailing duty orders on crystalline silicon photovoltaic cells, whether or not assembled into modules, from China. In message 3041408, dated 2/10/23, for entries of merchandise covered by the inquiries not already subject to the suspension of liquidation, Commerce instructed CBP to suspend liquidation of: Southeast Asian-Completed Cells and Modules that were entered, or withdrawn from warehouse, for consumption during the period 04/01/2022 through 06/05/2024, (the day before the currently-scheduled date of termination of the Presidential Proclamation), for which the certification requirements described in either paragraph 14, 15, 16, 17, or 18 of message 3041408 have not been met. <u>CBP should not liquidate entries suspended pursuant to message 3041408 until specific liquidation instructions are issued.</u>

Message 3076407 at ¶ 6 (emphasis added). Messages 3041408, 3243401 and 30764707 operated together to (1) expand the application of the China solar AD order to exports of solar cells and modules with country of origin Vietnam, Thailand, Cambodia or Malaysia that meet certain unique criteria established by the Presidential emergency proclamation, while (2) preserving them in suspended status pending "specific liquidation instructions."

20. Between December 2023 and January 2024, while certain interested parties requested that Commerce conduct the eleventh administrative review of the China Orders, JA Solar did not request a review for its Vietnamese exports because JA Solar had been using the appendices from the circumvention determinations to certify that its Vietnamese exports were not subject to the AD and CVD duties under the China Orders. Prior to the deadline to request an administrative, JA Solar had no suspended "Type 03" entries for its Vietnamese exports during the POR and therefore had no reason or ability to request a review of its entries.

6

21. On February 8, 2024, Commerce initiated the eleventh administrative review of the antidumping duty order covering the POR December 1, 2022 through November 30, 2023. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 89 Fed. Reg. 8641 (Dep't of Commerce Feb. 8, 2024).

22. Long after the initiation of the eleventh administration review, in late 2024, CBP began questioning the applicability of the certifications provided by JA Solar.

23. As a result, CBP began converting JA Solar's entries of Vietnamese solar modules during the POR from Type 01 to Type 03, thereby rendering JA Solar's Vietnamese solar module exports subject to the underlying review long after the deadline to request a review of these entries had passed.

24. Consistent with the procedures followed by Commerce in a recent administrative review of the AD and CVD duty orders on hardwood plywood from China, and given that CBP converted the entries subject to the above-captioned review after both the review request anniversary month and initiation has passed, see Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024), JA Solar filed an administrative review request covering its Vietnamese exports from December 1, 2023 and November 30, 2024 and requested that Commerce expand its period of review to cover prior entries where CBP retroactively transformed its entries after initiation. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 90 Fed. Reg. 10,048 (Dep't of Commerce Feb. 21, 2025). Commerce has yet to take any action to extend the subsequent period of review to cover entries back to 2022 and 2023.

25. On May 9, 2025, JA Solar filed a case brief requesting Commerce to include language in the instructions to CBP to continue suspension of entries covered by Customs Messages 3041408 and 3243401 such that Commerce can review JA Solar's entries in the subsequent twelfth AD administrative review. See Letter on Behalf of JA Solar to Commerce re: Case Br. (May 9, 2025) (Public Document).

26. On December 23, 2025, Commerce published the Final Results. See Final Results, 90 Fed. Reg. 60,060.

27. In the Final Results, Commerce rejected JA Solar's request to issue special instructions to CBP to continue suspension of JA Solar's late-converted Type 03 entries. See Final I&D Mem. at Cmt. 3. Commerce found that it was not "appropriate to issue special instructions to CBP regarding entries of JA Solar's subject merchandise during the POR" because JA Solar's entries were not under review. Id. In making this determination, Commerce noted that it made its final affirmative determination of circumvention in August 2023 and, therefore, JA Solar could have requested a review of its entries. See id. However, JA Solar had no suspended Type 03 entries at the time of the opportunity to request such a review.

## VI.    STATEMENT OF THE CLAIMS

### COUNT I

28. JA Solar herein incorporates by reference paragraphs 1 through 27, supra, of this complaint.

29. "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Commerce does not have to provide perfect explanations, but

"the path of Commerce's decision must be reasonably discernable." NMB Sing. Ltd. v. United States, 557 F.3d 1316, 1319 (Fed. Cir. 2009).

30. Commerce is statutorily required to provide interested parties with an opportunity to review "the normal value and export price (or constructed export price) of each entry of the subject merchandise" on a yearly basis. 19 U.S.C. § 1675(a)(1)-(2); see also 19 C.F.R. § 351.213 ("During the same month, an exporter or producer covered by an order . . . may request in writing that the Secretary conduct an administrative review of only that person.").

31. Commerce's determination to not issue special instructions to CBP continue suspension of JA Solar's late-converted Type 03 entries was not supported by substantial evidence and was otherwise not in accordance with law because Commerce's decision may deny JA Solar its statutory right under 19 U.S.C. § 1675(a) to have its entries reviewed during an administrative review.

32. Further, Commerce's decision to reject JA Solar's request to issue special instructions to CBP continue suspension of JA Solar's late-converted Type 03 entries was not supported by substantial evidence and was otherwise was not in accordance with law because Commerce failed to provide a "reasonably discernable" explanation for denying JA Solar's request by unlawfully ignoring that CBP converted JA Solar's entries after the deadline to request an administrative review of these entries had passed.

## COUNT II

33. JA Solar herein incorporates by reference paragraphs 1 through 32, supra, of this complaint.

34. "Commerce's discretion has limits." Goodluck India Ltd. v. United States, 11 F.4th 1335, 1342 (Fed. Cir. 2021). Commerce can abuse its discretion where "its exercise rests on a

clear error of judgment in consideration of the relevant factors." Tau-Ken Temir LLP v. United States, 147 F.4th 1363, 1373 (Fed. Cir. 2025) (quotation and citation omitted); see also Bosun Tools Co. v. United States, __ CIT __, __, 405 F. Supp. 3d 1359, 1364-65 (2019) ("An agency abuses its discretion when it issues a decision that 'represents an unreasonable judgment in weighing relevant factors.'" (quoting Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1281 (Fed. Cir. 2005)).

35. Commerce is statutorily required to provide interested parties with an opportunity to review "the normal value and export price (or constructed export price) of each entry of the subject merchandise" on a yearly basis. 19 U.S.C. § 1675(a)(1)-(2); see also 19 C.F.R. § 351.213 ("During the same month, an exporter or producer covered by an order . . . may request in writing that the Secretary conduct an administrative review of only that person.").

36. Commerce abused its discretion in rejecting JA Solar's request to issue special instructions to CBP continue suspension of JA Solar's late-converted Type 03 entries because Commerce made a clear error in judgment in weighing the relevant factors as Commerce's decision may deny JA Solar its statutory right under 19 U.S.C. § 1675(a) to have its entries reviewed during an administrative review and JA Solar's entries were converted to Type 03 after the deadline to file a request for an administrative review had passed.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, and as challenged herein, JA Solar respectfully prays that this Court:

(1) find that Commerce's actions as described in Count I were unsupported by substantial evidence and otherwise not in accordance with law;

(2) find that Commerce abused its discretion as described in Count II;

(3) order Commerce to issue instructions to CBP to continue suspending liquidation of JA Solar's entries and to unset or return any liquidations to suspended status; and

(4) order Commerce to issue liquidation instructions to CBP consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

 

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar*

Date: February 20, 2026