**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED, JA SOLAR INTERNATIONAL LIMITED AND JA SOLAR USA INC.,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

Defendant-Intervenor.

Court No. 26-00808

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

COLLIN T. MATHIAS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044

OF COUNSEL:
Jack Dunkelman
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade Enforcement and Compliance

Tel: (202) 307-0315
Email: Collin.T.Mathias@usdoj.gov

Attorneys for Defendant

April 16, 2026

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED, JA SOLAR INTERNATIONAL LIMITED AND JA SOLAR USA INC., | |
| Plaintiffs, | |
| v. | Court No. 26-00808 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Defendant-Intervenor. | |

**ORDER**

Upon consideration of the plaintiffs' motion for a preliminary injunction, defendant's motion to dismiss and response in opposition to plaintiffs' motion, and all other papers, it is hereby

ORDERED that the plaintiffs' motion for a preliminary injunction is denied and, it is further;

ORDERED that the defendant's motion to dismiss is granted and, it is further;

ORDERED that the complaint is dismissed.

Dated: ______________
New York, New York

______________________________
Joseph A. Laroski, Jr., Judge

# TABLE OF CONTENTS

**PAGE**

DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION ... 1

INTRODUCTION ... 2

BACKGROUND ... 2

ARGUMENT ... 6

I. Standard of Review for Injunctive Relief ... 6

II. Standard of Review for Rule 12(b)(1) Motion to Dismiss ... 7

III. This Court Does Not Possess Jurisdiction to Review JA Solar's Challenge Because JA Solar Is Not an Interested Party to the Proceeding ... 8

a. Legal Background of Administrative Reviews ... 8

b. Because No Party, Including JA Solar, Requested a Review of its Entries, JA Solar Is Not an Interested Party to this Administrative Review ... 9

IV. Because the Court Lacks Jurisdiction, JA Solar Is Not Entitled to a Preliminary Injunction ... 12

a. JA Solar Is Not Likely to Succeed on the Merits ... 12

b. The Remaining Injunctive Factors Do Not Favor Plaintiffs ... 15

CONCLUSION ... 16

# TABLES OF AUTHORITIES

Page(s)

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com*, Inc.,
239 F.3d 1343 (Fed. Cir. 2001) ............................................................ 6

*Bhullar v. United States*,
259 F. Supp. 2d 1332 (Ct. Int'l Trade 2003) ............................................ 9

*BMW of N. Am. LLC v. United States*,
926 F.3d 1291 (Fed. Cir. 2019) ............................................................ 8

*Design Int'l Grp., Inc. v. United States*,
113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) ............................................ 8

*Fed. Deposit Ins. Corp. v. Meyer*,
510 U.S. 471 (1994) ............................................................................ 7

*Fine Furniture (Shanghai) Ltd. v. United States*,
865 F. Supp. 2d 1254 (Ct. Int'l Trade 2012) ............................................ 11

*Goodluck India Limited v. United States*,
670 F. Supp. 3d 1353 (Ct. Int'l Trade 2023) ............................... 9, 10, 11, 12

*GPX Int'l Tire Corp. v. United States*,
587 F. Supp. 2d 1278 (Ct. Int'l Trade 2008) ............................................ 7

*J. Conrad LTD v. United States*,
457 F. Supp. 3d 1365 (Ct. Int'l Trade 2020) ............................................ 7

*JCM, Ltd. v. United States*,
219 F.3d 1357 (Fed. Cir. 2000) ....................................................... 9, 12

*Mazurek v. Armstrong*,
520 U.S. 968 (1997) ............................................................................ 6

Munaf v. Geren,
553 U.S. 674 (2008) ............................................................................ 6

*Nken v. Holder*,
556 U.S. 418 (2009) ............................................................................ 15

*Norsk Hydro Can., Inc. v. United States*,
472 F.3d 1347 (Fed. Cir. 2006) ........ 8

*Otter Prods., LLC v. United States*,
37 F. Supp. 3d 1306 (Ct. Int'l Trade 2014) ........ 6

*Qingdao Taifa Group Co., Ltd. v. United States*,
581 F.3d 1375 (Fed. Cir. 2009) ........ 15

*Reiner Brach GmBH & Co.KG v. United States*,
206 F. Supp. 2d 1323 (Ct. Int'l Trade 2002) ........ 11

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999) ........ 15

*Shandong Huarong Gen. Grp. v. United States*,
122 F. Supp. 2d 143 (Ct. Int'l Trade 2000) ........ 7

*Steel Co. v. Citizens for a Better Environment*,
523 U.S. 83 (1998) ........ 8

*U.S. Association of Importers of Textiles & Apparel v. United States*,
413 F.3d 1344 (Fed. Cir. 2005) ........ 13

*United States Steel Corp. v. United States*,
348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ........ 14

*United States v. Cotton*,
535 U.S. 625 (2002) ........ 8

*United States v. King*,
395 U.S. 1 (1969) ........ 7

*United States v. Mitchell*,
445 U.S. 535 (1980) ........ 7

*United States v. Nordic Village, Inc.*,
503 U.S. 30 (1992) ........ 8

*United States v. Sherwood*,
312 U.S. 584 (1941) ........ 7

*United States v. Williams*,
514 U.S. 527 .......... 8

*Winter v. Natural Res. Def. Council, Inc.*,
555 U.S. 7 (2008) .......... 6, 7

*Yantai Timken Co. v. United States*,
521 F. Supp. 2d 1356 (Ct. Int'l Trade 2007) .......... 11

**Statutes**

19 U.S.C. 1516a .......... 9

19 U.S.C. § 1675 .......... 4, 8, 11, 16

19 U.S.C. § 1677 .......... 9, 10, 12

28 U.S.C. § 1581(c) .......... 6, 9

28 U.S.C. § 2631(c) .......... 9, 12

28 U.S.C. § 2631(k)(1) .......... 9

**Regulations**

19 C.F.R. § 351.102(b)(47) .......... 4

19 C.F.R. § 351.212(c)(ii) .......... 11

19 C.F.R. § 351.213(a) .......... 11

19 C.F.R. § 351.213(b) .......... passim

19 C.F.R. § 351.228 .......... 13

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED, JA SOLAR INTERNATIONAL LIMITED AND JA SOLAR USA INC., | ) |
| Plaintiffs, | ) |
| v. | ) Court No. 26-00808 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rules 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiffs JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc. (collectively, JA Solar or Plaintiffs), for lack of subject matter jurisdiction. This Court lacks jurisdiction to entertain JA Solar's challenge to the Department of Commerce's final determination in the 2022-2023 administrative review concerning crystalline silicon photovoltaic cells (solar cells) from the People's Republic of China (China). JA Solar is not an interested party to Commerce's proceeding, and therefore they lack standing to pursue judicial review.

Pursuant to USCIT R. 65, we also respectfully submit this response in opposition to the motion for a preliminary injunction filed by JA Solar. *See* ECF No. 12 (Pl. Mot.) For the same reasons that the case should be dismissed, JA Solar's motion should be denied.

## INTRODUCTION

Plaintiffs imported their merchandise as duty free in 2023-24. In the middle of the administrative review for solar cells from China, but entirely separate from the proceeding, U.S. Customs and Border Protection (CBP) determined that Plaintiffs entries should have been entered with antidumping duties under the solar cells order for China. At that point, even though Plaintiffs had never requested a review, were not requested to be reviewed, and therefore were not part of the administrative review, they filed a case brief in the proceeding asking Commerce to instruct CBP to change its decision. Commerce determined that they were not an interested party because neither they nor any other party had requested a review. Plaintiffs now challenge that decision. Plaintiffs lack standing and so the Court should dismiss.

## BACKGROUND

On April 1, 2022, Commerce initiated country-wide circumvention inquiries to determine whether imports of crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells and modules), which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from the China, are circumventing the antidumping duty (AD) and countervailing duty (CVD) orders on solar cells and modules from China. See *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

During the course of these circumvention inquiries, President Biden issued a presidential proclamation declaring an emergency with respect to the threats to the availability of sufficient electricity generation capacity. *See* Proclamation No. 10,414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022). In so doing, the President ordered Commerce to consider taking action to permit the duty-free importation of certain solar cells modules from Cambodia, Malaysia, Thailand, and Vietnam for a period of 24 months. *Id.*

On August 23, 2023, Commerce published its affirmative determinations, finding that imports of certain solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components produced in China, that are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States, are circumventing the AD and CVD orders on solar cells and modules from China. *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023).

As part of its affirmative circumvention finding, Commerce established a system whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties. *See id.*, 88 Fed. Reg. at 57,422. For instance, an importer and exporter could certify that their merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime). *See id.* An importer and exporter could also certify that the merchandise does not contain sufficient

Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime). *See id.*

On December 3, 2023, Commerce notified interested parties of the opportunity to request an administrative review of the Order for the December 1, 2022, through November 30, 2023 period of review.[1] *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917, 83,919 (December 1, 2023). In response to this notification, the American Alliance for Solar Manufacturing (the petitioner), and certain Chinese companies timely filed requests for an administrative review of the Order. Based on the timely requests, on February 8, 2024, Commerce initiated an administrative review of the Order with respect to 60 companies/company groupings. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641, 8643-8644 (February 8, 2024) (Initiation Notice). Because no party requested a review of Plaintiffs, and because Commerce does not automatically conduct administrative reviews with respect to non-requested companies, Commerce did not initiate an antidumping review of Plaintiffs' entries.[2]

---

[1] Each year after an antidumping or countervailing duty order is published, Commerce provides interested parties with an opportunity to request an administrative review of the order. 19 U.S.C. § 1675(a)(1); 19 C.F.R. § 351.213(b). If Commerce receives a request with respect to a particular company, it conducts a review of the order with respect to such company to review and determine the amount of any net countervailable subsidy or antidumping duty. 19 U.S.C. § 1675(a)(1)(A) & (B). However, Commerce does not automatically review companies without receiving a timely request for review of such companies. Each review constitutes a separate segment within the same administrative proceeding and covers a distinct time period (usually one year), *i.e.*, the period of review. 19 C.F.R. § 351.102(b)(47); 19 C.F.R. § 351.351.213(e)(1)(i).

[2] On March 20, 2024, Commerce issued automatic liquidation instructions for entries during this period of review, instructing that suspension be lifted on February 8, 2024 for companies that Commerce did not receive a request for an administrative review. However, we are unaware of any liquidation that has occurred for JA Solar's entries.

On April 8, 2025, Commerce issued its *Preliminary Results*. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2022-2023*, 90 FR 15439 (April 11, 2025) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).

After the *Preliminary Results*, Plaintiffs suddenly appeared in the proceeding. Plaintiffs filed a case brief complaining that another agency, CBP, had determined Plaintiffs did not comply with the solar certification requirements. JA Solar's Letter, "Case Brief," dated May 9, 2025 (Case Brief). In other words, CBP had determined that plaintiffs were subject to antidumping and countervailing duties because the entries did not fall under Proclamation 10,414's exceptions or the Appendix VI regime, and, as a result, CBP converted the entries from Type 01 to Type 03. *Id.* at 5. JA Solar requested that Commerce instruct CBP to not liquidate these entries, and furthermore, separately requested that Commerce expand its period of the 2023-2024 administrative review to cover their entries, which were made between December 1, 2022, and November 30, 2023. *Id.*

On December 15, 2025, Commerce issued the *Final Results*. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; 2022-2023, 90 Fed. Reg. 60,060 (Dep't of Commerce December 23, 2025) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM). In the *Final Results*, because JA Solar's merchandise *was not subject to this administrative review*, Commerce

determined it was not appropriate to issue special instructions to CBP regarding entries of JA Solar's subject merchandise during the POR. IDM at 17.

On January 22, 2026, Plaintiffs filed a summons challenging Commerce's *Final Results* under 28 U.S.C. § 1581(c). ECF No. 1. After filing their complaint, Plaintiffs subsequently filed a motion for a preliminary injunction to suspend liquidation of unliquidated entries of merchandise produced and/or exported by JA Solar Vietnam Company Limited; JA Solar PV Vietnam Company Limited; and JA Solar International Limited. *See generally* Pl. Mot.

**ARGUMENT**

**I. Standard of Review for Injunctive Relief**

Injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). (citation omitted). A preliminary injunction is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).

To obtain a preliminary injunction, a party must establish each of four elements: "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the {movant}." *Otter Prods., LLC v. United States*, 37 F. Supp. 3d 1306, 1314 (Ct. Int'l Trade 2014) (citation omitted); *see also Winter*, 555 U.S. at 20–21.

Because the movant "must establish" all four factors, the failure to prove any one of them compels the denial of injunction relief. *See Winter*, 555 U.S. at 20; *Amazon.com, Inc. v. Barnesandnoble.com*, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("Our case law and logic both

require that a movant cannot be granted preliminary relief unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm.") (citations omitted); *Shandong Huarong Gen. Grp. v. United States*, 122 F. Supp. 2d 143, 145 (Ct. Int'l Trade 2000) ("If Plaintiff fails to prove any one of these factors, its motion must fail.").

Although some courts have previously employed a "sliding scale" in evaluating the four injunctive factors, "{i}nsofar as the sliding scale standard relaxes the necessary showing of irreparable harm to something less than a likelihood, that standard is no longer viable after *Winter*." *J. Conrad LTD v. United States*, 457 F. Supp. 3d 1365, 1374 (Ct. Int'l Trade 2020); *see also Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). Moreover, an injunction against the collection of cash deposits will be granted "only in the rarest of instances." *GPX Int'l Tire Corp. v. United States*, 587 F. Supp. 2d 1278, 1284 (Ct. Int'l Trade 2008) (quoting *Queen's Flowers de Colombia v. United States*, 947 F. Supp. 503, 506 (Ct. Int'l Trade 1996)).

**II. Standard of Review for Rule 12(b)(1) Motion to Dismiss**

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). A waiver of sovereign immunity "'cannot be implied but must be unequivocally be expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1,4 (1969)). Thus, to the extent that the statutory language contains ambiguities concerning the waiver of sovereign immunity, the Court

will construe those "ambiguities in favor of immunity." *United States v. Williams*, 514 U.S. 527 531 (1995) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Like all Federal courts, the Court of International Trade is a court of limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). And the plaintiff bears the burden of establishing that its chosen forum has subject matter jurisdiction to consider its case. *Id.*; *see also Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015). Because subject-matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court must always satisfy itself of its jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

## III. This Court Does Not Possess Jurisdiction to Review JA Solar's Challenge Because JA Solar Is Not an Interested Party to the Proceeding

### a. Legal Background of Administrative Reviews

After Commerce publishes a duty order, the statute requires, at least once every 12 months, that Commerce provide an opportunity for interested parties to file requests to review the duties on merchandise entered during a particular period of review. *See* 19 U.S.C. § 1675(a)(1); *BMW of N. Am. LLC v. United States*, 926 F.3d 1291, 1298 (Fed. Cir. 2019). During the anniversary month, "an exporter or producer covered by an order" specifically "may request in writing that the Secretary conduct an administrative review of only that person." 19 C.F.R. § 351.213(b)(2). However, if Commerce does not receive a timely request for an administrative review, it instructs Customs to (1) assess duties at "rates equal to the cash deposit of ... estimated antidumping duties ... required on that merchandise at the time of entry" and (2) continue to collect cash deposits at the existing rate. 19 C.F.R. § 351.212(c)(1)(i)–(ii). If an administrative review is not conducted, the cash deposit rate from the final determination in the

underlying investigation or the most recently completed administrative review will be the basis for the final duty assessed. *See id.* "{W}here no valid request {for a party} is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." *Goodluck India Limited v. United States*, 670 F. Supp. 3d 1353, 1374 (Ct. Int'l Trade 2023) (citing 19 C.F.R. § 351.212(a), (c)).

**b. Because No Party, Including JA Solar, Requested a Review of its Entries, JA Solar Is Not an Interested Party to this Administrative Review**

JA Solar does not possess standing to bring this action because it was not an interested party as required by 28 U.S.C. § 2631(c), 19 U.S.C. § 1677(9)(A); *see also* 28 U.S.C. § 2631(k)(1) ("'interested party' has the meaning given such term in section {1677(9)}"). As such, this Court does not possess jurisdiction pursuant to 28 U.S.C. § 1581(c) to entertain JA Solar's complaint. *See Bhullar v. United States*, 259 F. Supp. 2d 1332, 1344 (Ct. Int'l Trade 2003) (where plaintiff lacks standing, the Court is without jurisdiction), *aff'd*, 93 Fed. Appx. 218 (Fed. Cir. 2004). To commence an action challenging the final results of an administrative review under section 1516a(a)(2)(B)(iii), a plaintiff must be both (1) an interested party, and (2) a party to the proceeding. *See* 19 U.S.C. § 1516a(a)(2)(A)(ii) ("an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade"); 28 U.S.C. § 2631(c) ("A civil action contesting a determination listed in {19 U.S.C. 1516a} may be commenced in the Court of International Trade by any interested party to the proceeding in connection with which the matter arose."); *see also JCM, Ltd. v. United States*, 219 F.3d 1357, 1359 (Fed. Cir. 2000) (judicial review of antidumping duty investigations is limited to those interested parties who participate in the administrative proceedings).

The term "interested party" means, as relevant here, "a foreign manufacturer, producer, or exporter . . . of subject merchandise." 19 U.S.C. § 1677(9)(A) (emphasis added). Further, "subject merchandise" means, as relevant here, "the class or kind of merchandise *that is within the scope of . . . a review*." *Id.* § 1677(25) (emphasis added). And if no administrative review is requested for a party, then "the cash deposit rate from the final determination in the underlying investigation or the most recently completed administrative review will be the basis for the final duty assessed." *Goodluck India*, 670 F. Supp. 3d at 1363 (citing 19 C.F.R. § 351.212(c)(1)(i)–(ii)). It makes no difference that Plaintiffs filed a case brief in the proceeding—this is not enough. If it were, any party would be able to parachute into an administrative review without having preserved its role in the proceeding. This is contrary to the statutory scheme and would undermine the purpose of review requests.

JA Solar readily admits that it did not request reviews for its entries. *See* Pl. Mot. at 5; *see also* Initiation Notice, 89 Fed. Reg. at 8643-8644 (not including, as relevant: JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited, and JA Solar USA Inc). It is simply unhappy with CBP's rejection of its certification and wants to manipulate the administrative review process to challenge another agency's finding. As such, JA Solar's solar cells are not "within the scope of the review," and JA Solar is not a foreign manufacturer, producer, or exporter of subject merchandise subject to the review. As Commerce explained in the *Final Results*, JA Solar is one of the parties with "no entries of subject merchandise . . . during the {period of review,}" and, as a result, JA Solar's entries are unaffected by Commerce's review. *Final Results*, 90 Fed. Reg. at 60,061, 60,063.

We acknowledge that this is an unusual circumstance. Generally, if a foreign manufacturer, producer, or exporter is not subject to an administrative review, it has no reason to

challenge that administrative review because CBP "continue{s} to collect the cash deposits previously ordered" the last time that party was subject to the review. *See* 19 C.F.R. § 351.212(c)(ii); *see also Goodluck India*, 670 F. Supp. 3d at 1363. This remains true here, where plaintiffs cash deposit rate was not determined by *this* administrative review, which calculated solely 5.25% rates. *See Final Results*, 90 Fed. Reg. at 60,061, 60,063. The unusual circumstance reinforces that plaintiffs are not subject to this review, and therefore, not interested parties with standing to challenge it.

The most JA Solar points to is that the statute allows parties to request an annual administrative review. *See* Pl. Mot. at 10-11 (citing 19 U.S.C. § 1675(a)(1) and 19 C.F.R. § 351.213(a)). Here, however, Commerce clearly provided parties an opportunity to request to be reviewed and JA Solar has not suggested they were unaware of the deadline. *See Initiation Notice*, 89 Fed. Reg. at 8643-44. Commerce's regulations require that requests to be reviewed must be submitted "during the anniversary month" to warrant consideration. *See* 19 C.F.R. § 351.213(b). Establishing and enforcing this deadline is within the discretion traditionally afforded to Commerce. *See, e.g., Fine Furniture (Shanghai) Ltd. v. United States*, 865 F. Supp. 2d 1254, 1266 (Ct. Int'l Trade 2012) (stating that "certainly, setting and enforcing its own deadlines is within Commerce's discretion.); *Reiner Brach GmBH & Co.KG v. United States*, 206 F. Supp. 2d 1323, 1334 (Ct. Int'l Trade 2002) ("Commerce has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement of time limits . . . ."); *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1371 (Ct. Int'l Trade 2007) ("In order for Commerce to fulfill its mandate to administer the antidumping duty law, including its obligation to calculate accurate dumping margins, it must be permitted to enforce the time frame provided in its regulations.").

Where, as here, a company fails to request to be reviewed, its entries are not subject merchandise and that company is not an interested party. *See* 19 U.S.C. § 1677(9)(A), 1677(25). As the Court has made clear, "where no valid request is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." *Goodluck India Ltd. v. United States*, 670 F. Supp. 3d 1353, 1374 (Ct. Int'l Trade 2023). Without being an interested party, JA Solar lacks standing to bring this case to the Court. *See* 28 U.S.C. § 2631(c). Accordingly, this Court lacks jurisdiction here. *See JCM,* 219 F.3d at 1359. This Court should dismiss JA Solar's complaint and deny as moot the motion for a preliminary injunction.

## IV. Because the Court Lacks Jurisdiction, JA Solar Is Not Entitled to a Preliminary Injunction

JA Solar seeks injunctive relief to which they are not entitled. Because the Court lacks jurisdiction, there is no basis for granting JA Solar's request for preliminary injunctive relief. JA Solar argues that it is entitled to a statutory injunction in this case because it would suffer irreparable harm if certain entries were liquidated, and because it alleges it is likely to succeed on the merits of "substantial" legal issues related to actions of CBP and Commerce's choices regarding the period of review of a subsequent administrative review. *See* Pl. Mot. at 9-12. JA Solar further argues it would suffer significant hardship by virtue of liquidation and alleges that an opportunity for meaningful judicial review serves the public interest. *Id.* at 13-14.

### a. JA Solar is Not Likely to Succeed on the Merits

Although the traditional, four factor analysis for whether an injunction is proper applies to JA Solar's motion for an injunction of liquidation, the most salient—and decisive—issue here is the likelihood of success on the merits. Because the Court is foreclosed from considering JA Solar's complaint at all—because there is no subject matter jurisdiction or standing—JA Solar

can never succeed on the merits and should therefore not be granted an injunction. As we demonstrated in Section III, JA Solar is not an interested party to this administrative review. The question of subject-matter jurisdiction is the primary consideration in answering this question. *See U.S. Association of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 1348 (Fed. Cir. 2005) (the Court "disagree{d} … that the jurisdictional arguments could be ignored in ruling on {plaintiff's} preliminary injunction motion.").

Further, JA Solar's actual dispute is "CBP's late conversion of JA Solar's entries" after CBP determined that JA Solar's circumvention certificates did not comply with the requirements set forth by Commerce. *See* Pl. Mot. at 11-12; *see also* 88 Fed. Reg. at 57,422–23. However, that dispute is not with this administrative review. *See Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300, 52,364 (Sept. 20, 2021) ("{19 C.F.R. § 351.228} is not intended to supplant CBP's authority, nor is a formal finding by CBP required for Commerce to determine, within its own authority, that the certification is deficient and unreliable."). Moreover, "both CBP and Commerce would rely on the certifications as an additional tool to ascertain whether the entry correctly was filed as an entry type not subject to an AD and/or CVD proceeding." *Id*. By Plaintiffs' own admission, the determination that Plaintiffs had not met certain certification requirements with respect to certain of their entries was made by CBP, and not by Commerce. JA Solar's Case Brief at 4-5. Given the foregoing, Plaintiffs' request to enjoin liquidation of entries, which were subject of CBP's determination but were not subject to Commerce's administrative review that is being challenged here, is unlikely to succeed.

Commerce never deprived Plaintiffs of their ability to request a review of their entries. Rather, Plaintiffs failed to request a review when they had the opportunity to do so. Unlike this

Court, Commerce lacks authority to review and reverse CBP determinations or change the assessment rates of entries for which no timely review request was made. Plaintiffs' "unique circumstances," *see* Pl. Mot. at 9, are actually a deficiency in plaintiffs' certifications, which determined that Plaintiffs had not met the requirements as set forth in Commerce's instructions.

Plaintiffs also rely on Commerce's circumvention determination regarding hardwood plywood from China to suggest that continued suspension of its entries is consistent with Commerce's practice. Pl. Mot. at 6 (citing *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022*, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024). However, in contrast to this case, the decision there to expand the period of review had been made in the anticircumvention proceeding to ensure that the first entry covered by the anticircumvention determination is captured and duties are assessed. *See Certain Hardwood Plywood Products from the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023). These unusual circumstances, involving a decision in an anticircumvention proceeding to expand the period of the next administrative review to capture the first entry covered by anticircumvention proceeding, are not present here. This isolated administrative decision is confined to the unique facts of that proceeding and does not constitute any sort of longstanding practice. *See United States Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018) (explaining that methodologies used "repeatedly and regularly" constitute binding agency practice.) Moreover, in Hardwood Plywood from China, unlike in this case, timely requests for review were received for all companies that Commerce reviewed. *See Certain Hardwood Plywood*

*Products from the People's Republic of China: Final Results of the Administrative Reviews of the Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021-2022*, 90 Fed. Reg. 21,271 (May 12, 2025).

For all these reasons, Plaintiffs are unlikely to succeed on the merits of this case because, most importantly, this Court lacks jurisdiction here.

**b. The Remaining Injunctive Factors Do Not Favor Plaintiffs**

Although the unlikelihood of JA Solar's success on the merits is sufficient grounds to deny JA Solar's request for a preliminary injunction, we briefly address the remaining injunctive factors. Plaintiffs allege that they will be immediately and irreparably harmed without the imposition of a preliminary injunction. Pl. Mot. at 9. Specifically, they assert that, absent the Court's intervention, some or all of their entries will be liquidated. *Id.* The risk of irreparable harm in JA Solar's motion is premised on the assumption that were the entries liquidated, this would render moot any relief. *See* Pl. Mot. at 9. But this just assumes the Court can provide relief in the first place, which would require plaintiffs to have been subject to the review.

Finally, JA Solar has similarly failed to demonstrate that the balance of hardship weighs in it favor. Irrespective of how limited the burden of suspending liquidation may be, the onus is on the plaintiff to demonstrate that the potential harm it may face *exceeds* that of the Government. *See Qingdao Taifa Group Co., Ltd. v. United States*, 581 F.3d 1375, 1382 (Fed. Cir. 2009); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining that, when the Government is a party, the balance of hardships merges with public interest analysis). The public interest weighs heavily in favor of denying JA Solar's request for an injunction. It is squarely in the interest of the public that the Court uphold the jurisdictional limitations on its own ability to adjudicate a dispute where the statute demands it. *See Ruhrgas AG v. Marathon Oil Co.*, 526

U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed.").

Further, the requested remedy would hamper the administrability of the antidumping and countervailing duties and would particularly burden the certification regime. Forcing Commerce to review entries for which no timely request was made would effectively create a system of haphazard administrative reviews that would replace the orderly and predictable annual system of reviews that is based on the regulatory requirement to make a timely review request during the anniversary month. *See* 19 U.S.C. § 1675(a)(1); *see also* 19 C.F.R. § 351.213(b)(1).

Accordingly, the balance of hardship weighs in favor of the Government. The Court should therefore deny JA Solar's request for an injunction.

**CONCLUSION**

For these reasons, we respectfully request that the Court dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and deny JA Solar's motion for a preliminary injunction.

.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Collin T. Mathias
COLLIN T. MATHIAS
Trial Attorney
Commercial Litigation Branch
Civil Division

OF COUNSEL:
Jack Dunkelman
Attorney
U.S. Department of Commerce

Office of the Chief Counsel for Trade
Enforcement and Compliance

U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0315
Email: Collin.T.Mathias@usdoj.gov

Attorneys for Defendant

April 16, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 4723 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Collin T. Mathias