**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>Defendant-Intervenor. | Court No. 26-00808 |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss and Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction and other papers and proceedings herein, it is hereby:

**ORDERED** that Defendant's Motion to Dismiss is Denied;

**SO ORDERED**.

________________________
Joseph A. Laroski, Jr.
Judge

Dated:________________________
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, *et al.*, | |
| Plaintiffs, | |
| v. | Court No. 26-00808 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Defendant-Intervenor. | |

**PLAINTIFFS' JA SOLAR VIETNAM COMPANY LIMITED, JA SOLAR PV VIETNAM COMPANY LIMITED, JA SOLAR NE VIETNAM COMPANY LIMITED AND JA SOLAR USA INC RESPONSE TO MOTION TO DISMISS AND REPLIES TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
**Mowry & Grimson, PLLC**
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
jsg@mowrygrimson.com

June 16, 2026

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

I. THIS COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE IT HAS JURISDICTION OVER JA SOLAR'S CLAIMS ........ 1

A. JA Solar Is an Interested Party and Was a Party to the Administrative Review Challenged in This Appeal ........ 2

B. The Unique Circumstances Surrounding This Appeal Demonstrate That JA Solar's Entries Are Subject Merchandise ........ 5

C. Commerce Has Previously Recognized That its Deadline to Request an Administrative Review Must Bend When the Circumstances So Demand ........ 9

II. THIS COURT SHOULD GRANT JA SOLAR'S MOTION FOR A PRELIMINARY INJUNCTION ........ 13

## TABLE OF AUTHORITIES

### Cases

Aloha Pencil Co., LLC v. United States,
No. 25-00102, 2026 Ct. Intl. Trade LEXIS 56 (Ct. Int'l Trade May 6, 2026) .......................... 1

Browning v. Clinton,
292 F.3d 235 (D.C. Cir. 2002) .......................................................................................... 1

China Cornici Co. v. United States,
799 F. Supp. 3d 1373 (Ct. Int'l Trade 2025) ................................................................ 3, 8

Fine Furniture (Shanghai) Ltd. v. United States,
865 F. Supp. 2d 1254 (Ct. Int'l Trade 2012) ................................................................ 10

Goodluck India Limited v. United States,
670 F. Supp. 3d 1353 (Ct. Int'l Trade 2023) ............................................................ 5, 6, 7

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) .......................................................................................... 1

Hou. Shutters LLC v. United States,
816 F. Supp. 3d 1349 (Ct. Int'l Trade 2026) .................................................................. 1

Intercontinental Chems., LLC v. United States,
483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) .................................................................. 1

JCM, Ltd. v. United States,
219 F.3d 1357 (Fed. Cir. 2000) ...................................................................................... 3

Jinxiang Huameng Imp & Exp Co. v. United States,
228 F. Supp. 3d 1348 (Ct. Int'l Trade 2017) .................................................................. 1

NTN Bearing Corp. v. United States,
74 F.3d 1204 (Fed. Cir. 1995) ...................................................................................... 10

Pennell v. City of San Jose,
485 U.S. 1 (1988) ............................................................................................................ 1

Reiner Brach GmBH & Co.KG v. United States,
206 F. Supp. 2d 1323 (Ct. Int'l Trade 2002) ................................................................ 10

Shanghai Sunbeauty Trading Co. v. United States,
380 F. Supp. 3d. 1328 (Ct. Int'l Trade 2019) .................................................................. 8

Warth v. Seldin,
422 U.S. 490 (1975) ........................................ 1

Yantai Timken Co. v. United States,
521 F. Supp. 2d 1356 (Ct. Int'l Trade 2007) ........................................ 10

**Statutes**

19 U.S.C. § 1516a ........................................ 1, 2

19 U.S.C. § 1675 ........................................ 10

19 U.S.C. § 1677 ........................................ 2, 3

28 U.S.C. § 1581 ........................................ 1

28 U.S.C. § 2631 ........................................ 2

**Other Authorities**

Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Dep't of CommerceAug. 23, 2023) ........................................ 7, 8

Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 87 Fed. Reg. 75,221 (Dep't of Commerce Dec. 8, 2022 ........................................ 8

Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296 (May 19, 1997)........................................11

Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From India: Notice of Court Decision Not in Harmony with Final Determination of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court Decision; and Notice of Revocation of Antidumping Duty Order, in Part, 85 Fed. Reg. 31,742 (Dep't of Commerce May 27, 2020) .. 6

Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740 (Dep't of Commerce July 20, 2023) ......... 13

Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Determinations of No Shipments and Rescission, In Part; 2024, 2020–2021, 91 Fed. Reg. 22,126 (Dep't of Commerce Apr. 24, 2026) ........................................ 12

Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Administrative Reviews of the Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021-2022; 90 Fed. Reg. 21,271 (Dep't of Commerce May 19, 2025) ........ 12

Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024) ........ 11

Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023, 90 Fed. Reg. 60,060 (Dep't of Commerce Dec. 23, 2025) ........ 4

**Regulations**

19 C.F.R. § 351.102 ........ 3

19 C.F.R. § 351.213 ........ 9, 11

## ARGUMENT

### I. THIS COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE IT HAS JURISDICTION OVER JA SOLAR'S CLAIMS

This Court should deny Defendant's Motion to Dismiss as it has jurisdiction over JA Solar's appeal. A motion to dismiss "tests the legal sufficiency of a complaint," rather than challenges the substance of the claim as would a motion for summary judgment. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Whether the court has jurisdiction is "a question of law." Intercontinental Chems., LLC v. United States, 483 F. Supp. 3d 1232, 1236 (Ct. Int'l Trade 2020) (citing JCM Ltd. v. United States, 210 F.3d 1357, 1359 (Fed. Cir. 2000)). "When subject-matter jurisdiction is challenged at the motion to dismiss stage, courts generally must presume that the material factual allegations in the complaint are true and construe the complaint in the plaintiff's favor." Aloha Pencil Co., LLC v. United States, No. 25-00102, 2026 Ct. Intl. Trade LEXIS 56, at *6 (Ct. Int'l Trade May 6, 2026) (citing Pennell v. City of San Jose, 485 U.S. 1, 7 (1988); Warth v. Seldin, 422 U.S. 490, 501 (1975)); see also Hou. Shutters LLC v. United States, 816 F. Supp. 3d 1349, 1351 (Ct. Int'l Trade 2026). Further, "{t}he court must draw all reasonable inferences in Plaintiff's (the non-movant's) favor when deciding Defendant's motion to dismiss." Jinxiang Huameng Imp & Exp Co. v. United States, 228 F. Supp. 3d 1348, 1350 (Ct. Int'l Trade 2017) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). Here, JA Solar is an interested party and was a party to the review at Commerce such that this Court possesses jurisdiction over JA Solar's claims under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a. The unique circumstances of this case and the past willingness of the U.S. Department of Commerce ("Commerce") to depart from its regulatory deadline to request an administrative review further warrant a finding by this Court that JA Solar's entries are subject merchandise such that this Court has jurisdiction over JA Solar's claims.

### A. JA Solar Is an Interested Party and Was a Party to the Administrative Review Challenged in This Appeal

This Court possesses jurisdiction over JA Solar's claims challenged in this appeal. To bring an appeal challenging the final results of an administrative review, a plaintiff must be both: (1) an interested party and (2) a party to the proceeding. See 19 U.S.C. § 1516a(a)(2)(A)(ii) ("an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade"); see also 28 U.S.C. § 2631(c) ("A civil action contesting a determination listed in {19 U.S.C. 1516a} may be commenced in the Court of International Trade by any interested party to the proceeding in connection with which the matter arose."). Contrary to the arguments by Defendant and Defendant-Intervenor, this Court possesses jurisdiction over this appeal as JA Solar is both an interested party and was a party to the proceeding. See Def.'s Mot. to Dismiss and Resp. at 9 (Apr. 16, 2026) ECF No. 22; Def.-Int. Cmts. in Support of Def.'s Mot. to Dismiss and Cmts. in Opposition to Pls.' Mot. for a Preliminary Inj. at 3 (May 18, 2026) ECF No. 30

Defendant presents a selective reading of the statute to claim that JA Solar is not an interested party to the administrative review subject to this appeal. Specifically, Defendant asserts that JA Solar is not a "interested party" within the meaning of 19 U.S.C. § 1677(9)(A) because it was not "a foreign manufacturer, producer, or exporter . . . of subject merchandise" as JA Solar's merchandise was allegedly not subject to the challenged review. Id. at 10 (quoting 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1677(25)). Defendant, however, only references a portion of 19 U.S.C. § 1677(25). In full, 19 U.S.C. § 1677(25) defines subject merchandise as "the class or kind of merchandise that is within the scope of an investigation, a review, a suspension agreement, an order under this subtitle or section 1303 of this title, or a finding under the Antidumping Act, 1921." Id. (emphasis added). Although JA Solar maintains that its solar modules were brought within the

scope of the administrative review when U.S. Customs and Border Protection ("CBP") converted these entries from Type 01 to Type 03, at a minimum, CBP's conversion of JA Solar's entries clearly brought them within the scope of the AD/CVD order on solar cells and modules from China. See JA Solar Compl. at 7 (Feb. 20, 2026), ECF No. 8. Defendant does not contest that JA Solar had Type 03 entries. Indeed, the Court has previously rejected Defendant's limited reading of "subject merchandise" when interpreting this phrase in the context of a related regulation providing for when Commerce can rescind an administrative review. See China Cornici Co. v. United States, 799 F. Supp. 3d 1373, 1380 (Ct. Int'l Trade 2025) (interpreting 19 C.F.R. § 351.213(d)(3)) ("China Cornici"). The court in China Cornici concluded that "entries . . . of subject merchandise" includes even liquidated entries because "even liquidated entries remain subject to antidumping and countervailing duty orders, with importers often owing duties and penalties under 19 U.S.C. § 1592." China Cornici, 799 F. Supp. at 1380. JA Solar, therefore, is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) because its entries, at a minimum, constitute "subject merchandise" as they are subject to the AD/CVD orders on solar cells and modules from China.

Defendant does not challenge, nor could it, that JA Solar was a party to the proceeding. See Def.'s Mot. to Dismiss and Resp. at 10. Commerce's regulations define "party to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102; see also JCM, Ltd. v. United States, 219 F.3d 1357, 1359 (Fed. Cir. 2000) (holding that an interested party can participate in a proceeding at Commerce through written submissions). JA Solar participated in the administrative review under appeal by submitting written arguments in a case brief. See JA Solar Compl. at 2 (citing Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping

Duty Administrative Review and Final Determination of No Shipments; 2022-2023, 90 Fed. Reg. 60,060 (Dep't of Commerce Dec. 23, 2025) (P.R. 269), and accompanying Final I&D Mem. at 16 (P.R. 267); see also Letter on Behalf of JA Solar to Dep't of Commerce re: Case Brief (May 9, 2025) (Public Document) (P.R. 234). Commerce specifically addressed JA Solar's arguments in the Final Results. See Final I&D Mem. at 16 (P.R. 267). Defendant does not dispute that JA Solar filed a case brief but instead nonsensically argues that "{i}t makes no difference that Plaintiffs filed a case brief in the proceeding." Def.'s Mot. to Dismiss and Resp. at 10. The fact that JA Solar filed a case brief establishes that JA Solar is a "party to the proceeding" under Commerce's regulations. Additionally, Commerce's decision to address JA Solar's arguments in the Final Results, as opposed to rejecting JA Solar's case brief from the administrative record, demonstrates that Commerce recognized that JA Solar was a party to the administrative review. See Final I&D Mem. at 16 (P.R. 267). Defendant cannot now reasonably claim that this Court lacks jurisdiction to review arguments that Commerce itself considered and opined on in the context of the administrative review subject to this appeal.

Instead of addressing that Commerce responded to JA Solar's arguments during administrative review, Defendant attempts to wrongly reframe JA Solar's claims in its complaint. See Def.'s Mot. to Dismiss and Resp. at 13. Defendant asserts that JA Solar's actual dispute is with CBP and not Commerce. See id. (arguing that CBP made the determination that JA Solar's certifications did not meet certain requirements). JA Solar, however, is not challenging CBP's determination to reject its certifications but instead challenges Commerce's decision to not issue instructions to CBP to continue to suspend JA Solar's entries while Commerce considers whether to review JA Solar's entries in the subsequent AD administrative review. See JA Solar Compl. at 8-10. The decision to issue CBP instructions lies solely within Commerce's purview. JA Solar

briefed this issue during the administrative review, Commerce addressed these arguments and, thus, this issue is now ripe for review by this Court.

For these reasons, this Court should deny Defendant's Motion to Dismiss because JA Solar is both an interested party and was a party to the administrative review challenged in this appeal.

### B. The Unique Circumstances Surrounding This Appeal Demonstrate That JA Solar's Entries Are Subject Merchandise

The unique circumstances surrounding this appeal further support a finding by this Court that JA Solar's entries constitute subject merchandise. Cf Def.'s Mot. to Dismiss and Resp. at 10 (acknowledging this appeal represents "an unusual circumstance" but wrongfully maintaining that these "unusual circumstance{s} reinforces that {JA Solar is} not subject to this review"). Defendant relies on the Court's holding in Goodluck India Limited v. United States, 670 F. Supp. 3d 1353 (Ct. Int'l Trade 2023) for the proposition that "where no valid request {for a party} is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." Def.'s Mot. to Dismiss and Resp. at 8 (quoting Goodluck, 670 F. Supp. at 1374). According to Defendant, as JA Solar did not request a review of its entries during the applicable anniversary month of the AD order on solar cells and modules from China, JA Solar's entries are not subject merchandise and JA Solar lacks standing to bring this appeal. See Def.'s Mot. to Dismiss and Resp. at 12. The facts leading to the Court's holding in Goodluck are distinguishable from this appeal. These differences, namely that JA Solar had no reason to know nor ability to request an administrative review until after the opportunity had passed, illustrates why this Court should find that JA Solar's entries constitute subject merchandise after CBP converted them to Type 03.

In Goodluck, Plaintiff Goodluck appealed Commerce's issuance of automatic liquidation instructions instructing CBP to liquidate Goodluck's entries during the third administrative review

of an antidumping duty order at a rate of 33.7 percent. See Goodluck, 670 F. Supp. 3d at 1361. Goodluck did not request an administrative review during the anniversary month because at the time it had a provisional antidumping margin of zero percent related to an ongoing appeal. See id.

Specifically, in terms of timing of the appeals relevant to the initial investigation of the antidumping duty order in Goodluck, the Court of International Trade sustained Commerce's remand redetermination under protest to calculate Goodluck a dumping margin of zero percent for the initial antidumping duty investigation. See id. Commerce subsequently issued a Timken notice and excluded Goodluck from the AD order. See id. at 1365. Importantly, however, the Timken notice provided that "the suspension of liquidation must continue during the pendency of the appeals process." Id. (quoting Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From India: Notice of Court Decision Not in Harmony with Final Determination of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court Decision; and Notice of Revocation of Antidumping Duty Order, in Part, 85 Fed. Reg. 31,742, 31,743 (Dep't of Commerce May 27, 2020)). In other words, Commerce's Timken notice made clear that Goodluck's entries were subject to further litigation and accordingly remained suspended. Following publication of the Timken notice, Goodluck had an opportunity to, but did not, request an administrative review of its entries during the third review. See Goodluck, 670 F. Supp. 3d at 1367. The Federal Circuit later reversed the Court of International Trade's judgment and entered a judgment reinstating the 33.7 percent dumping margin for Goodluck. See id. at 1361. Commerce then proceeded to publish a Federal Register Notice reinstating the AD order with respect to Goodluck. See id. at 1367.

Commerce proceeded to issue liquidation instructions calling for the assessment of duties on Goodluck's entries during the third administrative review at the dumping margin of 33.7 percent

because Goodluck had not requested an administrative review of these entries. See id. at 1367. Goodluck challenged Commerce's decision to issue instructions to assess duties at 33.7 percent. See id. at 1369. The Court held that Commerce did not abuse its discretion because Goodluck failed to demonstrate that Commerce had an established practice for allowing untimely review requests where a party is provisionally excluded from an order. See id. at 1376-78. Further, the Court concluded that Goodluck received sufficient due process because Goodluck was aware that its entries could once again become subject to the relevant AD order during the appeal process. See id. at 1379-80.

JA Solar, unlike Goodluck, had no reason to know that it needed to (or could) request an administrative review of its entries. The final solar circumvention determination established a certification regime for JA Solar to certify its entries as Type 01 using either the Presidential national emergency exemption ("Appendix IV") or the "non-scope" exemption ("Appendix VI") going back to April 1, 2022. See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419, 57,420, 57,425-27, 57,431-33 (Dep't of Commerce Aug. 23, 2023) ("Solar Final Circ. Det."). Commerce's final circumvention determination and accompanying certification regime announced in August 2023, therefore, made clear that JA Solar did not need to request review of its entries because they did not fall within scope of the AD and CVD orders on solar cells and modules from China.

Not only did JA Solar not have any reason to know that it needed to request an administrative review of its entries, but JA Solar had every reason not to request a review of the China case as it had no suspended entries. Cf Def.'s Mot. to Dismiss and Resp. at 13 ("Plaintiffs

failed to request a review when they had the opportunity to do so."). In its underlying circumvention inquiry, Commerce made clear that parties could request a review of "suspended non-'Applicable Entries' {i.e. entries that were not subject to the Presidential moratorium}." Solar Final Circ. Det., 88 Fed. Reg. at 57,421; see also Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam, 87 Fed. Reg. 75,221, 75,223 (Dep't of Commerce Dec. 8, 2022). In other words, Commerce made clear that a review is limited to suspended entries. Indeed, in the final issues and decision memorandum pertaining to its circumvention inquiries, Commerce itself noted that it "does not conduct an administrative review of an exporter/producer absent a suspended entry of subject merchandise from that exporter/producer." Final Circ. Det., 88 Fed. Reg. at 57,419 and accompanying I&D Mem. for Vietnam at 94 (emphasis added) (citing Shanghai Sunbeauty Trading Co. v. United States, 380 F. Supp. 3d 1328 (Ct. Int'l Trade 2019)).[1] Further, a respondent making such a request would not be able to follow through with evidence of a sale of subject merchandise for a Separate Rate Application, rendering such a provisional review request a nullity. See Letter on Behalf of Jinko Solar to Commerce re: Separate Rate Application at 5 (Mar. 25, 2024) (P.R. 79-80) (indicating

[1] In Shanghai Sunbeauty, the court reasoned that Commerce could not conduct an administrative review of a non-suspended entry because that would "require Commerce to determine a dumping margin for an entry that its importer had represented was not subject to the Order, a result that is not contemplated by the statute." 380 F. Supp. 3d at 1336. Following the court's judgment in Shanghai Sunbeauty, the court later held in China Cornici that "Commerce lacked authority to rescind the administrative reviews solely due to a lack of suspended entries." China Cornici, 799 F. Supp. at 1381. The court, however, decided China Cornici after the deadline to request an administrative review in this appeal had passed. At the time, thus, JA Solar relied on the assumption that Commerce, as itself stated, would not proceed with an administrative review without a suspended entry.

that paragraph *4 of Commerce's separate rate application requires that a party "will… provide a direct legible photocopy (not a copy of a copy) of all of the following original documents for the sale by invoice date of subject merchandise to an unaffiliated customer in the United States during the POR/POI for a commercial transaction.") (emphasis added). CBP did not convert JA Solar's entries to Type 03 until after the relevant deadline to request the administrative review challenged in this appeal had passed. See JA Solar Compl. at 27. Lacking a suspended entry, it would have been futile for JA Solar to request an administrative review prior to CBP taking action to convert JA Solar's entries to Type 03. Nor is it reasonable to require parties to request protective and speculative reviews without having any suspended entries.

As JA Solar had no reason to know, and every reason not to request an administrative review lacking a suspended entry, the unique circumstances of this case further support this Court finding that subject merchandise constitutes solar cells and modules subject to the AD order on solar cells and modules regardless of the fact that JA Solar did not request an administrative review of its entries. JA Solar became an interested party to the challenged review only after CBP converted its entries to fall within the scope of the AD order on solar cells and modules. This Court, therefore, should deny Defendant's Motion to Dismiss because this Court possesses jurisdiction over JA Solar's claims as an exporter of subject merchandise during the review.

### C. Commerce Has Previously Recognized That its Deadline to Request an Administrative Review Must Bend When the Circumstances So Demand

Nor should this Court place any stock in Defendant's claim that JA Solar's entries are not subject merchandise because JA Solar did not request an administrative review of its entries during the anniversary month as required under 19 C.F.R. § 351.213(b). See Def.'s Mot. to Dismiss and Resp. at 11; see also 19 C.F.R. § 351.213(b) (setting forth that an exporter or producer covered by an order may request a review "{e}ach year during the anniversary month of the publication of an

antidumping or countervailing duty order"). Commerce itself has recognized that procedural inequities caused by an affirmative circumvention finding often demand a flexible approach to the timing of administrative reviews to provide a meaningful review request opportunity that comports with due process.

Defendant's argument that Commerce has discretion to establish and enforce its deadline falls flat. See Def.'s Mot. to Dismiss and Resp. at 11 (citing Fine Furniture (Shanghai) Ltd. v. United States, 865 F. Supp. 2d 1254, 1266 (Ct. Int'l Trade 2012); Reiner Brach GmBH & Co.KG v. United States, 206 F. Supp. 2d 1323, 1334 (Ct. Int'l Trade 2002); Yantai Timken Co. v. United States, 521 F. Supp. 2d 1356, 1371 (Ct. Int'l Trade 2007)). All the cases cited by Defendant are factually distinguishable from this appeal as the relevant deadlines in those cases pertained to Commerce's acceptance of factual information as opposed to the deadline to request an administrative review. See Fine Furniture, 865 F. Supp. at 1267; Reiner, 206 F. Supp. 3d at 1333-34; Yantai Timken, 521 F. Supp. 2d at 1371. Further, these cases establish that Commerce's discretion in enforcing its deadlines is "not absolute." Fine Furniture, 865 F. Supp. at 1267. "{A} regulation which is not required by statute . . . may, in appropriate circumstances, be waived and must be waived where failure to do so would amount to an abuse of discretion." NTN Bearing Corp. v. United States, 74 F.3d 1204, 1207 (Fed. Cir. 1995). The statute does not limit Commerce to only accepting a request for review during the anniversary month of the relevant AD/CVD order. See 19 U.S.C. § 1675(a)(1). Instead, the statute only requires that Commerce conduct an administrative review "{a}t least once during each 12-month period beginning on the anniversary of the date of publication" if Commerce receives "a request for such a review." Id. The circumstances surrounding this appeal warranted Commerce waiving its regulatory requirement

that a request for a review must be submitted during the applicable anniversary month given that JA Solar had no suspended entries until after the applicable deadline to request a review had passed.

Commerce itself has recognized that the requirements of 19 C.F.R. § 351.213 must bend when the circumstances so demand. 19 C.F.R. § 351.213(e)(1)(i) states that "an administrative review under this section normally will cover, as appropriate, entries, exports, or sales of the subject merchandise during the 12 months immediately preceding the most recent anniversary month." 19 C.F.R. § 351.213(e)(1)(i) (emphasis added). In drafting 19 C.F.R. § 351.213, Commerce explained that:

> We believe that the regulation, as drafted, is sufficiently flexible to address these concerns in extraordinary circumstances. Section 351.213(e)(1)(i) states that the period of review "normally" will be linked to the anniversary month of the order. The use of "normally" indicates that the Secretary has the discretion to use some other period in appropriate circumstances, but the Department will exercise this discretion only in very unusual circumstances.

Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296, 27,317 (May 19, 1997). Commerce even acknowledged that the period of review does not need to "be linked to the anniversary month of the order." See id.

Commerce has recently exercised this flexibility under similar circumstances to this appeal involving imports converted to Type 03 after entry as a result of a circumvention inquiry. In a recent administrative review of the AD and CVD orders on hardwood plywood, Commerce expanded the period of an ongoing review to cover entries of hardwood plywood that CBP converted to Type 03 following an affirmative circumvention determination and after the opportunity to request an administrative review had passed. See Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Preliminary Determination of No Shipments, and Partial Rescission; 2021-2022, 89 Fed. Reg. 66,343 (Dep't of Commerce Aug. 15, 2024), unchanged in Certain

Hardwood Plywood Products From the People's Republic of China: Final Results of Administrative Reviews of the Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021-2022; 90 Fed. Reg. 21,271 (Dep't of Commerce May 19, 2025) ("Plywood 5AR Final Results"). Commerce later expanded a subsequent review period to capture entries that CBP converted to Type 03 after Commerce completed the prior expanded administrative review. See Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Determinations of No Shipments and Rescission, In Part; 2024, 2020–2021, 91 Fed. Reg. 22,126 (Dep't of Commerce Apr. 24, 2026). In other words, in plywood, Commerce expanded the normal period once, and then again, a year later expanded it backwards even further (prior to the first expanded period) to capture newly converted Type 03 entries. Commerce, therefore, has statutory and regulatory authority, and has exercised this authority in plywood proceedings, to expand the normal period of review to cover entries that are converted after an opportunity to request a review of those entries had passed. Commerce's recognition of its authority to conduct an administrative review outside of certain regulatory deadlines further demonstrates that JA Solar's entries are subject to the challenged review.

Defendant is incorrect that the circumstances surrounding Commerce's decision to expand the period of review in the Plywood case are not present in this appeal. See Def.'s Mot. to Dismiss and Resp. at 14. Defendant argues that this appeal is different from plywood because in that case all the companies that Commerce reviewed had timely submitted a review request. See id. (citing Plywood 5AR Final Results, 90 Fed. Reg. at 21,271). Commerce's plywood circumvention determination, however, constituted clear notice to companies found to be ineligible to participate in the certification regime that those companies needed to participate in a current or future administrative review to reestablish their certification eligibility. See Certain Hardwood Plywood

Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders, 88 Fed. Reg. 46,740, 46,741 (Dep't of Commerce July 20, 2023). Here, as detailed above, Commerce's final circumvention determination did not provide JA Solar with any indication that it needed to request a review. On the contrary, Commerce's circumvention determinations established that JA Solar did not need to request a review of its entries as JA Solar was eligible to certify that its merchandise was not subject to duties. The key fact from the Plywood case, which Defendant does not address, is that Commerce has a practice to waive the regulatory deadline to request an administrative review where a circumvention finding resulted in a late conversion of entries to Type 03.

In sum, Commerce's willingness to depart from its regulatory deadline to request an administrative review demonstrates that the definition of "subject merchandise" over which this Court has jurisdiction is not limited to instances where an exporter requests a review during the applicable anniversary month. This Court, therefore, should deny Defendant's Motion to Dismiss as it possesses jurisdiction over JA Solar's claims as an exporter of subject merchandise.

## II. THIS COURT SHOULD GRANT JA SOLAR'S MOTION FOR A PRELIMINARY INJUNCTION

This Court should grant JA Solar's Motion for a Preliminary Injunction because all four injunctive factors weigh in JA Solar's favor. See JA Solar's Preliminary Inj. Mot. at 9-14 (Mar. 20, 2026), ECF No. 12 (detailing how JA will suffer irreparable and immediate injury, is likely to prevail on the merits, the public interest is served by granting an injunction and the balance of hardships favors JA Solar). Defendant's arguments that the injunctive factors favor the government are unpersuasive as discussed below.

Defendant's primary argument is that JA Solar is not entitled to injunctive relief because JA Solar is not likely to succeed on the merits as this Court allegedly lacks jurisdiction over JA Solar's claims. See Def.'s Mot. to Dismiss and Resp. at 12-15. Similarly, Defendant asserts that JA Solar would not suffer irreparable harm from the liquidation of its entries as its entries were not subject to the review and the public interest favors this Court upholding jurisdictional limits. See id. at 15. As explained above, this Court has jurisdiction as JA Solar is both an interested party and was a party to the proceeding. See supra at 2-13. JA Solar is likely to succeed on the merits, and JA Solar will suffer irreparable harm if its entries liquidate because this Court has jurisdiction over JA Solar's claims. See JA Solar's Preliminary Inj. Mot. at 9-12.

Finally, this Court must disregard Defendant's claim that the public interest favors the government as an injunction would "hamper the administrability of the {AD} and {CVD} and would particularly burden the certification regime." Def.'s Mot. to Dismiss and Resp. at 16. An injunction would not hamper Commerce's administrability of its reviews but would instead ensure that Commerce does not unlawfully collect duties while JA Solar continues to request review of these late converted Type 03 entries in subsequent proceedings. See JA Solar's Preliminary Inj. Mot. at 14. Nor can the Government reasonably assert that an injunction would burden the certification regime given that the certification regime itself allows for Commerce's review of the certified entries and that JA Solar is simply asking for continued suspension pending Commerce's review of these entries. See CBP Message No. 3041408 (Feb. 10, 2023); CBP Message No. 3243401 (Aug. 31, 2023); No. 3076407 (Mar. 17, 2023); see also JA Solar Compl. at 5-6 (explaining that the cited messages "operated together to (1) expand the application of the China solar AD order to exports of solar cells and modules with country of origin Vietnam, Thailand, Cambodia or Malaysia that meet certain unique criteria established by the Presidential emergency

proclamation, while (2) preserving them in suspended status pending 'specific liquidation instructions'").

For these reasons, and those presented in JA Solar's underlying motion, this Court should grant JA Solar's Motion for a Preliminary Injunction.

Respectfully submitted,

Dated: June 16, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Ave, NW, Suite 810
Washington, DC 20015
202-688-3610
jsg@mowrygrimson.com
*Counsel to JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc.*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this response complies with the word limitations set forth in Paragraph 2(B) of the Standard Chambers Procedures and the Scheduling Order to this case. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 4,729 words.

Dated: June 16, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
jsg@mowrygrimson.com
*Counsel to JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited and JA Solar USA Inc*