**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Court No. 26-00808 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) ) ) |
| Defendant-Intervenor. | ) ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
Jack Dunkelman
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
Enforcement and Compliance

COLLIN T. MATHIAS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0315
Email: Collin.T.Mathias@usdoj.gov

August 3, 2026                    Attorneys for Defendant

**TABLE OF CONTENTS**

**PAGE**

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ........................................................................... 1

    I.     JA Solar Misinterprets the Statute and Is Not an Interested Party ........................... 2

CONCLUSION ............................................................................................................................... 11

## TABLES OF AUTHORITIES

Page(s)

**Cases**

*BlueScope Steel v. United States*,
 719 F. Supp. 3d 1357 (Ct. Int'l Trade 2024) ................................................................. 9

*China Cornici Co. v. United States*,
 799 F. Supp. 3d 1373 (Ct. Int'l Trade 2025) ............................................................ 4, 5

*Goodluck India Ltd. v. United States*,
 670 F. Supp. 3d 1353 (Ct. Intl. Trade 2023) ..............................................3, 6, 10, 11

*JCM, Ltd. v. United States*,
 210 F.3d 1357 (Fed. Cir. 2000) ...................................................................................... 2

*Platt v. Union Pac. R. Co.*,
 99 U.S. 48 (1878) .............................................................................................................. 4

*Salman Ranch Ltd. v. U.S.*,
 573 F.3d 1362 (Fed. Cir. 2009) ...................................................................................... 3

*U.S. Steel Corp. v. United States*,
 348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ............................................................... 9

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*,
 435 U.S. 519 (1978) .......................................................................................................... 7

*Wind Tower Trade Coalition v. United States*,
 810 F. Supp. 3d 1351 (Ct. Int'l Trade 2024) ............................................................... 9

**Statutes**

19 U.S.C. § 1675 ................................................................................................... 4, 6, 7, 10

19 U.S.C. § 1677(9) ...................................................................................................... 2

19 U.S.C. § 1677(25) .................................................................................................. 3, 4

28 U.S.C. § 1581(c) ...................................................................................................... 3

28 U.S.C. § 2631 ........................................................................................................ 2, 5

**Regulations**

19 C.F.R. § 351.212 ........................................................................................................ 5, 10

19 C.F.R. §§ 351.213(b)............................................................................................... 4, 7, 10

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| JA SOLAR VIETNAM COMPANY LIMITED, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Court No. 26-00808 |
| UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, ) ) ) | |
| Defendant-Intervenor. ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States respectfully submits this reply in support of our motion to dismiss the

complaint filed by JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company

Limited, JA Solar International Limited, and JA Solar USA Inc. (collectively, JA Solar)[1] for lack

of subject matter jurisdiction.  In our motion, we established that this Court lacks jurisdiction to

entertain JA Solar's challenge to the final results of the Department of Commerce's 2022-2023

administrative review covering crystalline silicon photovoltaic cells, whether or not assembled

---

[1]  These are the JA Solar entities named as plaintiffs in the complaint.  *See* Complaint (Compl.) at 1, ECF No. 8.  However, JA Solar's response brief identifies JA Solar NE Vietnam Company Limited as a plaintiff.  *See* Plaintiffs' Response to Motion to Dismiss (Pl. Resp.), ECF No. 33.  We assume this was an error, but if not, would object to including an additional JA Solar entity without amendment of the complaint.

into modules (solar cells) from the People's Republic of China (China).  In its response, JA Solar

disputes Commerce's interpretation of the Court's jurisdictional statute, 28 U.S.C. § 2631(c), and

contends that JA Solar is an interested party with standing to challenge the final results.  JA

Solar's arguments, however, cannot be reconciled with the statute.

**I.      JA Solar Misinterprets the Statute and Is Not an Interested Party**

We explained in our motion that, for this Court to have jurisdiction under 28 U.S.C.

§ 2631(c) to entertain JA Solar's challenge to the administrative review, JA Solar must be both a

party to the proceeding *and* an interested party.  Defendant's Motion (Def. Mot.), ECF No. 22

(April 16, 2026).  JA Solar spends a significant portion of its response arguing that it is a party to

the proceeding due to submission of a case brief and asserts that Commerce could have authority

to conduct administrative review of JA Solar's entries.  *See* Plaintiffs' Response to Motion to

Dismiss (Pl. Resp.), ECF No. 33 at 3-5.  We do not dispute that JA Solar submitted a case brief in

this administrative proceeding.  Nor do we dispute that, had review been timely requested by JA

Solar or by domestic industry, Commerce could have included JA Solar in the administrative

review and determined an antidumping duty (AD) rate for JA Solar's entries that were made

during the period of this administrative review.

However, no party timely requested an administrative review of JA Solar and, thus,

Commerce did not initiate this administrative review with respect to JA Solar.  Even if JA Solar

may have participated in the administrative segment that concerned other companies by

submitting a case brief, it does not dictate the resolution of our motion.  Rather, our motion rests

upon the fact that JA Solar is not an *interested party*, as defined by 19 U.S.C. § 1677(9), with

respect to the challenged administrative review given no party requested a review of JA Solar.

*See JCM, Ltd. v. United States*, 210 F.3d 1357, 1360 (Fed. Cir. 2000) (quoting 28 U.S.C.

2

§ 2631(c)) (there are two requirements to proceed under 28 U.S.C. § 1581(c): a plaintiff must be (1) "an 'interested party,'" *and* (2) "a 'party to the proceeding.'").

1.    JA Solar argues that our interpretation of the statute is "selective," Pl. Resp. at 2, because CBP did not make a determination regarding the sufficiency of JA Solar's certifications until after the deadline to request an administrative review had passed. *Id.* at 3; *see also* Complaint (Compl.), ECF No. 8 at ¶¶ 22-23. But JA Solar could have requested an administrative review to protect its entries while CBP considered JA Solar's entry documents so that, should CBP reject its certifications, Commerce could determine the appropriate antidumping rate in this administrative review. *See Goodluck India Ltd. v. United State*s, 670 F. Supp. 3d 1353, 1372-74 (Ct. Intl. Trade 2023). Instead, JA Solar did not request an administrative review of its entries, perhaps hoping that CBP would accept its certifications. Thus, because there was no timely review request, Commerce did not initiate a review with respect to the JA Solar entities involved in this case. *See Initiation Notice*, 89 Fed. Reg. at 8,643-44. The threshold determination for purposes of establishing whether the Court has jurisdiction to entertain JA Solar's challenge to the final results of this administrative review is whether JA Solar is an exporter or producer of "subject merchandise" within the meaning of 19 U.S.C. § 1677(25), which by statute must be within the scope of the review that JA Solar wishes to challenge. As such, as discussed in our motion, while JA Solar timely submitted a case brief, that did not allow JA Solar to parachute into the review as an interested party as defined by 19 U.S.C. § 1677(25). JA Solar does not have standing to bring its challenge, and this Court therefore does not possess jurisdiction over JA Solar's claims.

JA Solar's reading of the statute would render the word "review" in 19 U.S.C. § 1677(25) superfluous. *See Salman Ranch Ltd. v. U.S.*, 573 F.3d 1362, 1371 (Fed. Cir. 2009) ("'a

legislature is presumed to have used no superfluous words'") (quoting *Platt v. Union Pac. R. Co.*, 99 U.S. 48, 58 (1878)).  In the definition of subject merchandise, section 1677(25) separately lists merchandise "within the scope of an investigation, a review, a suspension agreement, an order under this title . . . , or a finding under the Antidumping Act, 1921."  Under the statute, Commerce conducts reviews of "a countervailing duty order . . ., an antidumping duty order . . ., or a notice of the suspension of an investigation{.}"  19 U.S.C § 1675(a).  Inclusion of the word "review" in the definition of subject merchandise would therefore be superfluous under JA Solar's interpretation of section 1677(25) if merchandise "within the scope" of an order or suspension agreement were also always "within the scope" of a review.  Here, JA Solar's entries are not subject merchandise that is "within the scope of . . . a review" in question in this litigation under 19 U.S.C. § 1677(25).

Along the same lines, JA Solar contends that this Court previously rejected a "limited" interpretation of the term "subject merchandise."  Pl. Resp. at 3 (citing *China Cornici Co. v. United States*, 799 F. Supp. 3d 1373, 1380 (Ct. Int'l Trade 2025)).  However, *China Cornici* does not assist JA Solar in demonstrating that it is an interested party.  In *China Cornici*, the Court considered whether Commerce lawfully rescinded an administrative review where Commerce initiated a review of the company's entries, but the entries were mislabeled and liquidation was not therefore suspended.  799 F. Supp. 3d at 1376.  Commerce contended in that case that "unsuspended entries of subject merchandise were not enough to entitle the parties to an administrative review."  *Id.* at 1380.  The question, thus, was whether 19 C.F.R. § 351.213 allowed Commerce to rescind an initiated review where there *were* entries of merchandise subject to the review, but for which liquidation was not suspended.  *Id.* at 1381.

Here, unlike in *China Cornici*, the question is not whether JA Solar has suspended entries; rather, the question is whether JA Solar's entries were subject to the review at all. Indeed, if anything, *China Cornici* supports the proposition that JA Solar could have requested review of its entries, which would have placed them within the scope of the review, even if liquidation of the entries were not suspended. *See China Cornici,* 799 F. Supp. 3d at 1381. Thus, JA Solar errs in asserting broadly that "{l}acking a suspended entry, it would have been futile for JA Solar to request an administrative review prior to CBP taking action to convert JA Solar's entire to Type 03." Pl. Resp. at 9.

At bottom, JA Solar's argument boils down to this—it is an interested party simply because its entries are subject to the antidumping duty order on solar cells and modules from China. Pl. Resp. at 2-3. But to challenge its placement under the order, it would have had to file its challenge within thirty days of publication of the order, otherwise comply with the requirements of each annual review. 19 U.S.C. § 1516a(a)(2)(A)(ii). This order was published in 2012, as recognized by JA Solar. *See* Compl. ¶ 10 (citing *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012)).

2.      The opportunity to seek review annually is consistent with the statutory and regulatory scheme. *See* 19 C.F.R. § 351.212; 19 U.S.C. §§ 1673d(c)(1)(B)(ii), 1673e(c)(3). Congress did not design 28 U.S.C. § 2631 to allow parties to circumvent the requirement to request a review of an order by appearing at the case brief stage of proceedings. *Goodluck India* supports this conclusion. In that case, the plaintiff argued that because it was not covered by the final antidumping duty determination, it "had no right to request {an administrative review}

during the anniversary month." *Goodluck India*, 670 F. Supp. 3d at 1372.  The Court observed that "{i}mplicit in this argument is that when the right to request was unavailable during the anniversary month, Goodluck was otherwise entitled to a right to request at some other time. Not so, on both counts." *Id*. at 1372.  Thus, the right to request a review exists if there is "sufficient scope to include or take into account a particular exporter or producer in order for that exporter or producer to request {an administrative review}." *Id.*[2]  Where, as here, a party fails to timely request annual review, the rates required at the time of entry remain in effect (whether the existing company-specific rate or all others rate) and would apply to entries for which no review was timely requested.  19 C.F.R. § 351.212(c)(1)(i-ii).

3.    JA Solar contends that Commerce can, and should have, modified the deadline to request an administrative review.  *See* Pl. Resp. at 9-13.  This argument does not address this Court's jurisdiction, but instead relates to the merits, which this Court cannot address before satisfying itself of jurisdiction.

Regardless, JA Solar relies on the wrong provisions, contending that the operative Commerce regulations pertain to submission of factual information, rather than the deadline to request an administrative review.  *Id.* at 9-11.  Specifically, JA Solar argues that "{t}he statute does not limit Commerce to only accepting a request for review during the anniversary month of the relevant AD/CVD order." *Id.* at 10 (citing 19 U.S.C. § 1675(a)(1)).  JA Solar does not provide a single example of Commerce accepting a request for review under similar circumstances, i.e., a request that was made for the first time made in a case brief after the

_____

[2]  JA Solar had this opportunity when its Vietnamese products were found to be circumventing the China orders in 2023, requiring the certification process by CBP at issue here. Compl. ¶¶13-14, 17.

issuance of preliminary results of the review.  The statute places *no* restriction on Commerce ability to establish reasonable timelines for making "a request for such a review{.}"  *See* 19 U.S.C. § 1675(a)(1).  Rather, the statute requires Commerce to consider requests for review "{a}t least once during each 12-month period beginning on the anniversary of the date of publication of a countervailing duty order under this title{.}"  *Id.*

Commerce has established deadlines for requesting an administrative review to administer the statute in an orderly manner, as Commerce has established deadlines for parties to submit factual information.  *See* 19 C.F.R. §§ 351.213(b), 351.301.  As the Supreme Court has indicated, "{a}bsent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties."  *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (internal quotations and citations omitted).  Commerce's latitude in establishing deadlines for requesting an administrative review of a particular company is particularly strong, where (as here) Congress imposed statutory deadlines for issuing preliminary and final determinations in administrative reviews.  19 U.S.C. § 1675(a)(3).  Here, consistent with the statute, its regulations and practice, Commerce provided an opportunity to request an administrative review within the anniversary month of the AD order and initiated review of all entities for which review was timely requested. *See Initiation Notice*; *see also Antidumping or Countervailing Duty Order, Fining, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917 (Dep't of Commerce Dec. 1, 2023); 19 C.F.R. § 351.213(b).

JA Solar further argues that Commerce departed from a practice of modifying the period of review.  *See* Pl. Resp. at 11-12.  JA Solar cites the 2024 administrative review of certain

hardwood plywood products from China to support the proposition that Commerce expands a period of review to examine entries newly converted to Type 03. *See Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Determination of No Shipments and Recission, In Part; 2024, 2020-2021*, 91 Fed. Reg. 22,126 (Dep't of Commerce Apr. 24, 2026). However, as explained in our motion, the period of review in the hardwood plywood administrative review was expanded to deal with a specific situation involving entries for which there had not been an opportunity to submit certifications or request review due to the amount of time that the circumvention determination took. *See Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Administrative Reviews of the Antidumping and Countervailing Duty Orders, Final Determination of No Shipments; 2021-2022*, 90 Fed. Reg. 21,271 (Dep't of Commerce May 19, 2025) accompanying IDM at Comment 9 ("for non-subject entries to be liquidated without AD/CVD duties, they must be accompanied by certifications.

Therefore we disagree with JA Solar's proposition that it would be appropriate to liquidate any pre-POR entries without collecting and examining, if applicable, *any certifications that would have been submitted with those entries had {certifications} been permitted.*" (emphasis added)); *see also Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (Dep't of Commerce July 2023) and accompanying IDM at 180-81; IDM at 27. This single instance, involving a concern that certain entries covered by a circumvention determination by Commerce could be liquidated without regard to duties, does not establish a practice that Commerce routinely conducts special administrative reviews in response to CBP determinations about the adequacy of certifications

8

after the deadline to submit review requests. *See* Pl. Resp. at 9-10; *see also U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018) (explaining that methodologies used "repeatedly and regularly" constitute binding agency practice); *Wind Tower Trade Coalition v. United States*, 810 F. Supp. 3d 1351, 1357 (Ct. Int'l Trade 2024) ("Plaintiff raises three additional examples {of Commerce's determinations following an alleged practice}. . . however, as '{p}rior determinations by the {agency} with regard to one industry typically provide little guidance for later determinations with regard to different industries.'"); *BlueScope Steel v. United States*, 719 F. Supp. 3d 1357, 1368 (Ct. Int'l Trade 2024).  As argued in our motion, the circumstances *here* are different from those in the hardwood plywood proceedings, and as such, this Court should not find there was binding practice requiring Commerce to take action in this administrative review.

Central to JA Solar's argument is the suggestion that it was not aware it needed to request an administrative review until CBP rejected JA Solar's certifications.  Pl. Resp. at 7-9.  But, whether JA Solar knew or should have known that its merchandise could be subject to the antidumping order is irrelevant to the threshold inquiry of whether JA Solar was an interested party to the administrative review proceeding.  As described in our motion and regardless of JA Solar's selective reading, due to Commerce's circumvention determination, JA Solar's entries were *already* subject to the orders on solar cells from China unless properly certified, as determined by Commerce or CBP.  As Commerce stated in its *Final Circumvention Determination*,

> {t}he claims made in the certifications and any supporting documentation are subject to verification by Commerce and/or CBP. . . .  If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries, Commerce intends to instruct CBP to suspend, pursuant to these country-wide affirmative determinations of circumvention {of} the *Orders*, all unliquidated entries for which these

9

requirements were not met and require the importer to post applicable AD and CVD cash deposits.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*. 88 Fed. Reg. 57,419, 57,423 (Dep't of Commerce Aug. 23, 2023) (*Final Circumvention Determination*) (citations omitted)).  This is further supported by Commerce's liquidation instructions, which stated:

> 1. Commerce does not automatically conduct administrative reviews of antidumping duty orders.  Instead, reviews must be requested pursuant to {19  U.S.C. § 1675(a)(1)}, and in accordance with 19 CFR 351.213.
>
> 2.  Commerce has not received a request for an administrative review of the antidumping duty order for the period and on the merchandise identified below except for firms listed in paragraph 3.  Therefore, in accordance with 19 CFR § 351.212(c), you are to liquidate all entries for all firms except those listed in paragraph 3 . . . .

Automatic Liquidation Instructions (Mar. 25, 2024) (P.R. 78) [3] at 3.

Again, contrary to JA Solar's contentions, Pl. Resp. at 5-8, this situation is quite similar to *Goodluck India*.  In that case, the plaintiff's entries were provisionally excluded from the order, and the plaintiff thus did not request administrative review.  *Goodluck India*, 670 F. Supp. 3d at 1367-68.  Commerce declined to consider the plaintiff's late request for review after the plaintiff's entries were later brought back into the relevant order.  This Court upheld Commerce's decision.  *Id.* at 1369, 1385.  Similarly, here JA Solar was aware of the country-wide circumvention determination subjecting producers of solar cells in the circumventing countries to

---

[3] All references to the public and proprietary documents in this proceeding are abbreviated as "P.R. __" and "C.R. __," respectively.  *See* Administrative Record Index, ECF No. 20.

the orders on solar cells from China unless those producers' entries were properly certified.  *See* Compl. ¶¶ 13-20; *see also Final Circumvention Determination*, 88 Fed. Reg. at 57,420.  As such, while JA Solar's entries were provisionally not treated as being subject to the orders by CBP, JA Solar should have timely requested administrative review if it wished to be assigned a review-specific rate should CBP find those certifications deficient.  *See Goodluck India*, 670 F. Supp. 3d at 1372-74.

As described in our motion and revealed in JA Solar's failure to request administrative review and response to our motion, JA Solar's dispute, at its core, is with CBP's reclassification of its entries due to CBP's independent determination that JA Solar's certifications were deficient, and not with any decision Commerce made in *this* administrative review.  *See* Pl. Resp. at 3-4; Compl. ¶¶ 22-23.  Alternatively, JA Solar seeks relief via a challenge to a subsequent Commerce administrative review that have not yet resulted in a final, challengeable determination.  Pl. Resp. at 4-5, 14 (describing that this Court should mandate Commerce order suspension of entries while Commerce considers JA Solar's arguments in subsequent administrative reviews).   Neither of these are related to whether JA Solar is an interested party in *this* administrative review.  Thus, JA Solar lacks standing to challenge it.

**CONCLUSION**

For these reasons and those explained in our motion, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

11

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:                         /s/ Collin T. Mathias
Jack Dunkelman                      COLLIN T. MATHIAS
Attorney                            Trial Attorney
Department of Commerce              Commercial Litigation Branch
Office of Chief Counsel for Trade   U.S. Department of Justice
Enforcement & Compliance            Civil Division
1401 Constitution Avenue, NW        P.O. Box 480
Washington, DC 20230                Ben Franklin Station
                                    Washington, D.C., 20044
                                    Tel: (202) 307-0315
                                    Email: Collin.T.Mathias@usdoj.gov

August 3, 2026                      *Attorneys for Defendant*

12

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 3290 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Collin T. Mathias